

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

April 16, 1971

Honorable Ron Jones
Interim Executive Director
Parks and Wildlife Department
John H. Reagan Building
Austin, Texas   78701

Opinion No. M- 838

Re:  Authority of Game
     Management Officers of
     the Parks and Wildlife
     Department to enforce
     the provisions of the
     Antiquities Code of
     Texas, Article 6145-9,
     Vernon's Civil Statutes

Dear Mr. Jones:                         of Texas

          You request the opinion of this Office as to the
following question:

          "Are the Game Management Officers
     of the Parks and Wildlife Department
     authorized to enforce the provisions of
     the Antiquities Act?"

          Section 19 of Article 6145-9, Vernon's Civil Statutes,
otherwise known as the Antiquities Code of Texas, reads as
follows:

          "The chief administrative officers
     of all state agencies are authorized and
     directed to cooperate and assist the
     Antiquities Committee and the Attorney
     General in carrying out the intent of this
     Act.  All law enforcement agencies and
     officers, state and local, are authorized
     and directed to assist in enforcing this
     Act and in carrying out the intent hereof."
     (Emphasis added.)

This provision would enable the Game Management Officers of
the Parks and Wildlife Department to assist in enforcing the
Antiquities Code to the full extent of their authority and
within the scope of their jurisdiction.

          We direct our inquiry primarily as to any officer's
authority in law enforcement as it relates to the power of

-4060-

arrest without a warrant, when an offense is being committed within the view of such officer. Article 905, Vernon's Penal Code, delineates the specific grant of such authority to the Parks and Wildlife Department as follows:

> "The Game, Fish and Oyster Commissioner and his deputies shall have the same power and authority as sheriffs to serve criminal processes in connection with cases growing out of the violations of this chapter, shall have the same power as sheriffs to require aid in executing such process, and shall be entitled to receive the same fees as are provided by law for sheriffs in misdemeanor cases.
>
> Said Commissioner or any of his deputies may arrest without a warrant any person found by them in the act of violating any of the laws for the protection and propagation of game, wild birds or fish, and take such person forthwith before a magistrate having jurisdiction. Such arrests may be made on Sunday, and in which case the person arrested shall be taken before a magistrate having jurisdiction, and proceeded against as soon as may be, on a week day following the arrest."

Article 978f-5c, Vernon's Penal Code of Texas provides:

> "The Executive Director of the Parks and Wildlife Department, in order to insure the adequate enforcement of all laws in state parks and in state historical sites under the jurisdiction of the Parks and Wildlife Department, is authorized to commission as peace officers any of the employees provided for under the General Appropriation Bill; and when so commissioned, said employees are vested with all of the powers, privileges, and immunities of peace officers while on state parks or on state historical sites or in fresh pursuit of those violating the law in such state parks or state historical sites." (Emphasis added.)

Any employee of the Parks and Wildlife Department, when so commissioned, would be entitled to function as a peace officer, with all the powers attendant thereto, "while on state parks or on state historical sites." Their authority to arrest, however, would not extend beyond such jurisdictional limits, except in cases of fresh pursuit, as indicated.

Game Management Officers of the Parks and Wildlife Department, not so commissioned as <u>peace officers</u> under Article 978f-5c, supra, are limited in their powers of arrest to the legislative grant of authority to them contained in Article 905, supra. That authority to arrest is limited to enforcement of the game laws within the jurisdiction of the Parks and Wildlife Department.

Theft of State property from State Archeological Landmarks is proscribed by the express provisions of Article 6145-9, supra. Prevention of the consequences of theft by seizing personal property which has been stolen is a right given to all persons by Article 18.22, Vernon's Code of Criminal Procedure. The power of arrest without a warrant incident to the seizure of stolen property under Article 18.22 was found to exist in <u>Tawater vs. State</u>, 408 S.W.2d 122 (Tex.Crim.1966). Consequently, Game Management Officers, whether or not commissioned as peace officers under Article 978f-5c, supra, have the power to arrest without a warrant to prevent the consequences of a theft of State property as proscribed in the Texas Antiquities Code.

This Office is, therefore, of the opinion that Game Management Officers of the Parks and Wildlife Department, charged with the enforcement of the game laws of this State, are authorized to assist in enforcing the provisions of the Antiquities Code of Texas and in carrying out the intent thereof. The power of such officers to arrest without a warrant for violations of the Antiquities Code is limited to those commissioned as peace officers under Article 978f-5c, supra, and only when such violations occur on state parks or historical sites, except when such arrest may be incident to the prevention of the consequences of a theft as provided in Article 18.22, supra. Nothing in this opinion, however, is to be understood as being restrictive of the right of any such officer to act to <u>prevent</u> a violation of the Antiquities Code, such as damage to any state property as defined in said Code, independent of the question above discussed concerning the right to arrest without a warrant.

## SUMMARY

Game Management Officers of the Parks and Wildlife Department are authorized to assist in enforcing the provisions of the Antiquities Code, Article 6145-9, Vernon's Civil Statutes, including the right to prevent a violation of the Code, such as theft or damage to any state property as defined in said Code. The power of such officers to arrest without a warrant for violations of the Code is limited to those officers commissioned as peace officers under Article 978f-5c, Vernon's Penal Code, and only when such violations occur on state parks or historical sites, except when such arrest may be incident to the prevention of the consequences of a theft as provided in Article 18.22, Vernon's Code of Criminal Procedure.

Respectfully submitted,

CRAWFORD C. MARTIN
Attorney General of Texas

BY: _____

NOLA WHITE
First Assistant Attorney General

Prepared by James H. Quick
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Jay Floyd
Sam Jones
Fisher Tyler
Scott Garrison

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant